**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Norman Hotchkiss, | Case No. 23-20023 (JJT) |
| Debtor. | Re: ECF Nos. 10, 15, 31, 41, 42 |

**MEMORANDUM OF DECISION AND ORDER OVERRULING**
**TRUSTEE'S OBJECTION TO THE DEBTOR'S CLAIM OF EXEMPTION**

Before the Court is the Trustee's Objection to the Debtor's Claim of Exemption ("Objection," ECF No. 10), filed by Bonnie C. Mangan, the Chapter 7 Trustee ("Trustee"). Specifically, the Trustee objects to the claim of exemption made by the debtor, Norman Hotchkiss ("Debtor"), in the cash surrender value of a life insurance policy. After the Debtor requested to be heard on the matter (ECF No. 15), the Trustee and Debtor filed briefs (ECF Nos. 31, 41) and stipulated to various facts underlying the controversy ("SF," ECF No. 42). The Court then held an evidentiary hearing on November 16, 2023, at which the parties stipulated to two exhibits and engaged in oral argument. The Court then took the matter under advisement. For the reasons that follow, the Court OVERRULES the Trustee's Objection.

I.   Background

The Debtor commenced his Chapter 7 bankruptcy case on January 17, 2023. SF ¶ 4. The Trustee was subsequently appointed, qualified, and is duly acting in that capacity. SF ¶ 4. At the time the Debtor filed his petition, he owned an interest in a Whole Variable Life Insurance Policy through Prudential Life Insurance with a cash surrender value of $20,968 ("Insurance

Policy").[1] SF ¶ 5. The Debtor initially claimed the full cash surrender value in the Insurance Policy exempt under Conn. Gen. Stat. § 52-352b(20). SF ¶ 6. On February 13, 2023, the Debtor amended his claim of exemption as follows: $4,000 per Conn. Gen. Stat. § 52-253b(19) and $19,000 per Conn. Gen. Stat. § 52-253b(20). SF ¶ 7.

As of the petition date, the Insurance Policy was unmatured, had a death benefit of $48,308 payable upon the death of the Debtor, and had not been assigned to or effected for the benefit of any creditor. SF ¶¶ 9–10, 12. One or more of the Debtor's debts owed as of the petition date was incurred prior to October 1, 2021. SF ¶ 11.

II.     Discussion

On July 12, 2021, the Connecticut General Assembly had passed and the Governor had signed P.A. 21-161, An Act Concerning Property That Is Exempt from a Judgment Creditor, which, among other things, amended Conn. Gen. Stat. § 52-352b effective October 1, 2021. Among the changes, the act added a new subsection (20) to Conn. Gen. Stat. § 52-352b, which provides that the following property be exempt from judgment creditors:

> The cash surrender value of any life insurance policy issued upon the life of a citizen or resident of this state, unless the life insurance policy was assigned to or was effected for the benefit of the creditor or unless the purchase, sale, or transfer of the life insurance policy is made with the intent to defraud the creditor[.]

After looking at what is otherwise straightforward language, the question then shifts to whether this exemption applies against creditors whose claims arose prior to the effective date of this exemption.

---

[1] The Trustee and Debtor have stipulated to this cash surrender value; however, Exhibit 2, a consolidated overview of the Insurance Policy dated September 25, 2023, shows a contract fund value of $20,968.55 on the day before. Although this exhibit suggests that the cash surrender value of Insurance Policy on the petition date was different than the value stipulated to, such a difference is immaterial for the reasons noted below.

2

This Court was recently confronted with a similar issue in *In re Cole*, 642 B.R. 208 (Bankr. D. Conn. 2022), in which the trustee objected to the debtor's claimed homestead exemption, which was claimed under Conn. Gen. Stat. § 52-352b(21). Like the Debtor here, the debtor in *Cole* had debts preceding the effective date of P.A. 21-161, which also increased the homestead exemption in most cases from $75,000 to $250,000. After determining that the expanded homestead exemption applied retroactively, the Court overruled the trustee's objection. *In re Cole*, 642 B.R. at 224. The trustee then appealed the matter to the District Court, which certified a question to the Connecticut Supreme Court asking it to determine, as a matter of state law, whether P.A. 21-161 applied retroactively or prospectively. *In re Cole*, 297 A.3d 151, 155 (Conn. 2023).

The Connecticut Supreme Court accepted certification but chose to answer a modified version of the question, namely whether the expanded homestead exemption "appl[ied] in bankruptcy proceedings filed on after the effective date of the act to debts that accrued prior to that date[.]" *Id.* Rather than engage in a retroactivity analysis, the Connecticut Supreme Court simply decided that, "[b]ecause the legislature did not direct otherwise, the expanded homestead exemption in P.A. 21-161 . . . applies in all bankruptcy and postjudgment proceedings initiated on or after the effective date of the act, *regardless of when the underlying debts accrued*." *Id.* at 167 (emphasis added). After the Connecticut Supreme Court answered the certified question in the affirmative, the District Court affirmed the decision of this Court.

The Connecticut Supreme Court's reasoning in *Cole* leaves no wiggle room here. The unlimited exemption in the cash surrender value of a life insurance policy was available on the petition date. Thus, it does not matter that some of the Debtor's debts arose prior to the effective date of P.A. 21-161—nor does it matter that Conn. Gen. Stat. § 52-253b(20) was a new section

as opposed to the amendment made to subsection (21)—the Debtor is entitled to the unlimited exemption in subsection (20).[2]

III.   Conclusion

The Trustee's Objection is OVERRULED.

IT IS SO ORDERED at Hartford, Connecticut this 28th day of November 2023.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[2] The Objection was filed prior to the Connecticut Supreme Court's decision in *In re Cole*. Although arguing for prospective application of subsection (20) in her brief (ECF No. 31), the Trustee effectively conceded at oral argument that *In re Cole* likely foreclosed her arguments. The Trustee nonetheless requested that this Court issue a decision to provide guidance in future cases presenting this issue.